**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Jean Wood,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>            Defendant. | No. CV-13-01894-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 9).

**I.   PROCEDURAL HISTORY**

On March 10, 2010, following an administrative hearing, the administrative law judge ("ALJ") issued a decision, finding Plaintiff not disabled. The ALJ found there was no evidence to establish any medically determinable impairment before June 30, 1989, Plaintiff's 22nd birthday, which is required for Plaintiff to obtain child's insurance benefits. The record showed that in April 1990 Plaintiff admitted to a four-year history of substance abuse with alcohol, crack cocaine, and other substances, but a treating source noted she had not received any psychiatric services before April 1990. Without the necessary objective medical findings, the ALJ was not able to determine that Plaintiff's severe mental condition existed before she reached the age of 22.

On July 27, 2010, Plaintiff's counsel filed a request for review of the ALJ's decision. Plaintiff's counsel attached an affidavit stating he never received by mail a copy of the ALJ's decision dated March 10, 2010, and he first learned of the decision on

July 1, 2010, after obtaining a copy of the decision directly from the Office of Disability Adjudication & Review. The affidavit states the request for review is timely filed because it is filed within 60 days of receipt of the decision.

On August 10, 2012, the Appeals Council found Plaintiff's request for review was not filed within 60 days from the date the notice of the decision was received because the date of receipt is presumed to be five days after the date of the notice "unless a reasonable showing to the contrary is made." The Appeals Council implicitly concluded without explanation that a reasonable showing had not been made. It further concluded there was no good cause to extend the time for filing the request for review and therefore dismissed Plaintiff's request for review.

On August 17, 2012, Plaintiff's counsel requested reconsideration of the Appeals Council's dismissal of the request for review. On July 17, 2013, the Appeals Council responded that it had considered Plaintiff's counsel's affidavit, but did not find good cause for missing the deadline. It stated, "Our records have no indication that the claimant did not receive the decision in a timely fashion in order to submit a timely request for review." It further stated, "Under our rules, you do not have the right to court review of our denial of your request for reconsideration."

On September 12, 2013, Plaintiff filed a Complaint for Judicial Review of Administrative Determination of Claim for a Period of Disability, Child's Insurance Benefits (Doc. 1). The Complaint alleges jurisdiction to review the final decision of the Commissioner of Social Security under 42 U.S.C. §§ 405(g) and 1383(c)(3). It further alleges, "Jurisdiction also lies to review a decision of the Defendant that deprives a claimant of a meaningful opportunity to be heard and meaningful opportunity to seek reconsideration of an adverse claim determination." The Complaint alleges that Defendant's dismissal of Plaintiff's request for review by the Appeals Council violates Plaintiff's due process rights. It further alleges that Plaintiff has been receiving Supplemental Security Income benefits based on a mental impairment since May 1990,

and at the time notices were presumably provided to Plaintiff, "she was experiencing psychological symptoms, precluding adequate competence to fully comprehend and appreciate the meaning thereof." The Complaint seeks only an order directing the Commissioner to act on the merits of Plaintiff's administrative appeal. It does not require the Court to make any determination regarding the merits of Plaintiff's disability claim.

On November 21, 2013, Defendant moved to dismiss Plaintiff's cause of action for lack of subject matter jurisdiction in accordance with § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). This Order resolves only the question of whether the Court has jurisdiction to decide Plaintiff's due process claim.

## II.  ANALYSIS

Under 42 U.S.C. § 405(g), any individual may seek judicial review "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." Under Ninth Circuit law, "final decision" refers to a decision on the merits. *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980); *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990). "[T]he Appeals Council's decision to hear an untimely request for review is discretionary and the Appeals Council may deny a request for an extension without a hearing." *Matlock*, 908 F. 2d at 494. Further, "permitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims." *Id.* The Appeals Council's dismissal of Plaintiff's request for review was not made after a hearing and is not a decision on the merits. Therefore, it is not a "final decision" from which Plaintiff may seek judicial review under 42 U.S.C. § 405(g).

However, based on *Califano v. Sanders*, 430 U.S. 99 (1977), the Ninth Circuit recognizes an exception to the § 405(g) finality requirement for constitutional claims of due process violation that implicate a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997). In *Evans*, the *pro se* plaintiff filed for

benefits three times and did not request reconsideration of the denial of the first two claims. After obtaining legal aid, he requested reconsideration of the third denial and received a hearing before an ALJ. The ALJ denied the plaintiff's request to reopen the first two claims because he did not demonstrate that he was mentally incompetent at the relevant times. Social Security Ruling 91-5p provides that a claimant may establish good cause for missing a deadline to seek review by presenting evidence that mental capacity prevented him from timely requesting review and he had no one legally responsible for prosecuting the claim. The Ninth Circuit held that the district court had subject matter jurisdiction to review the denial of plaintiff's request to reopen claims under the *Sanders* exception to the § 405(g) finality requirement because the plaintiff alleged mental impairment and lacked representation. *Id.*

Here, Plaintiff was represented by counsel, but as alleged, Plaintiff's counsel was unable to prosecute her claim within the presumptive time limit because he did not receive notice of the ALJ's hearing decision until he requested a copy on July 1, 2010. The Appeals Council considered counsel's affidavit but found lack of good cause for missing the deadline because it did not receive evidence that Plaintiff did not receive the decision in time to submit a timely request for review. But, as the ALJ found at the same time the decision presumably was mailed to Plaintiff, "there is no doubt the claimant has severe mental impairments at the present time." Thus, as alleged, Plaintiff's mental capacity prevented her from timely requesting review, and she did not have anyone with the knowledge required to prosecute her claim. Under these facts, Plaintiff has alleged a colorable constitutional due process violation, and the Court has subject matter jurisdiction to review the Appeals Council's dismissal of Plaintiff's request for review under the *Sanders* exception to the § 405(g) finality requirement.

It is therefore unnecessary to consider whether the Court would also have mandamus jurisdiction under 28 U.S.C. § 1361.

Because this action does not involve the merits of Plaintiff's disability claim, Defendant need not file a certified copy of the entire administrative record. Defendant's Motion to Dismiss (Doc. 9) includes the Declaration of Robert Weigel authenticating and attaching relevant portions of the administrative record. Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 13) includes three affidavits and a letter. In the briefs on the merits of Plaintiff's due process claim—the only claim currently before the Court—the parties may reference the exhibits to the jurisdictional motion briefing without refiling them. The parties also may attach to their due process briefs relevant portions of the administrative record that Defendant did not include in the Motion to Dismiss, but only if necessary for determination of Plaintiff's due process claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 9) is denied.

IT IS FURTHER ORDERED that Plaintiff shall file her opening brief by February 28, 2014, Defendant shall file her answering brief by March 28, 2014, and Plaintiff may file a reply brief by April 11, 2014.

Dated this 6th day of February, 2014.

_____
Neil V. Wake
United States District Judge